

Filed by ___ TB ___ D.C.

ELECTRONIC

**SEP  19 ,2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.· MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  <u>13-20545-CR-MORENO/TAZO-REYES (s)</u>
21 U.S.C. §§ 331(k), 333(a)(2), and 352(a)
18 U.S.C. § 371
18 U.S.C. § 2315
18 U.S.C. § 2314
18 U.S.C. § 659
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

**v.**

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**
**ENRIQUE DE LA CRUZ,**
**ALEXANDER RODRIGUEZ, and**
**ARTURO BETTANCOURT,**

      **Defendants.**
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

### FOOD, DRUG, & COSMETIC ACT REGULATIONS

1.     The United States Food and Drug Administration (the "FDA") was the federal

agency charged with the responsibility of protecting the health and safety of the American public

by enforcing the Federal Food, Drug, and Cosmetic Act (the "FDCA"), which was codified at Title 21, United States Code, Sections 301-397.  One purpose of the FDCA was to ensure that medical devices sold for human use were safe, effective, and bore labeling containing only true and accurate information.  The FDA's responsibilities under the FDCA include regulating the manufacturing, labeling, and distribution of all medical devices and medical device components shipped and received in interstate commerce.

2.      Under the FDCA, a "device" was defined, in relevant part, as "an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which [was] . . . intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals, or intended to affect the structure or function of the body of man or other animals, and which does not achieve its primary intended purposes through chemical action within or on the body of man or other animals and which [was] not dependent upon being metabolized for the achievement of its primary intended purposes."  Title 21, United States Code, Section 321(h)(2) and (3).  A diabetic test strip was considered a "device" under the FDCA's definition.

3.      Under the FDCA, a device was deemed "misbranded" if its labeling was false or misleading in any particular.  Title 21, United States Code, Section 352(a).  "Labeling," in turn, was defined by the FDCA as "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article."  Title 21, United States Code, Section 321(m).

2

4.      The FDCA made the doing of any act to a device, or the causing thereof, while a device was held for sale after a device's shipment in interstate commerce, which resulted in a device being misbranded, unlawful.  Title 21, United States Code, Section 331(k).

**COUNT 1**
**Misbranding FDCA Devices While Held for Sale after Shipment in Interstate Commerce**
**(Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a))**

1.      Paragraphs 1 through 4 of the General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From on or about September 15, 2011, through on or about August 17, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**
**ENRIQUE DE LA CRUZ,**
**and**
**ARTURO BETTANCOURT,**

acting with intent to defraud and mislead, did, while devices, that is, Abbott Labs FreeStyle Lite diabetic test strips, were held for sale, and after said devices had been shipped in interstate commerce, replace the manufacturer's labeling on the devices with labeling that included false information, specifically, false lot numbers and expiration dates, which resulted in the devices being misbranded while held for sale within the meaning of Title 21, United States Code, Section 352(a), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2), and Title 18, United States Code, Section 2.

3

## COUNT 2
### Conspiracy to Receive, Possess, and Sell Stolen Goods
### (Title 18, United States Code, Section 371)

1.        From in or around June 2011, through on or about August 17, 2012, in Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**
**ALEXANDER RODRIGUEZ,**
**ENRIQUE DE LA CRUZ,**
**and**
**ARTURO BETTANCOURT,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, Adrian

Marino, Henry Tarrio, Jr., and Roberto Marino, and with persons known and unknown to the

Grand Jury, to commit an offense against the United States, that is, to knowingly receive,

possess, conceal, store, barter, sell, and dispose of any goods, wares and merchandise, valued at

$5,000 or more, which had crossed a state boundary after being stolen, unlawfully converted, and

taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of

Title 18, United States Code, Section 2315.

### PURPOSE OF THE CONSPIRACY

2.        It was the purpose of the conspiracy for the defendants and their coconspirators to

unlawfully enrich themselves by receiving, possessing, concealing, storing, bartering, selling,

and disposing of stolen goods, that is, Abbott Labs FreeStyle Lite diabetic test strips.

4

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their coconspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

3.      **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ENRIQUE DE LA CRUZ, ALEXANDER RODRIGUEZ, ARTURO BETTANCOURT,** and their coconspirators, obtained possession of wholesale quantities of FDA-regulated medical devices, that is, Abbott Lab FreeStyle Lite diabetic test strips, which were stolen in or around June 2011 from a motor truck or trailer in Louisville, Kentucky (hereinafter, referred to as the "Stolen Lot").

4.      **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ENRIQUE DE LA CRUZ, ALEXANDER RODRIGUEZ, ARTURO BETTANCOURT,** and their coconspirators, sold wholesale quantities of the Stolen Lot in the State of Florida and elsewhere, knowing that the diabetic test strips had been obtained from unlawful channels of wholesale distribution.

5.      **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ALEXANDER RODRIGUEZ, ARTURO BETTANCOURT,** and **ENRIQUE DE LA CRUZ** sold diabetic test strips from the Stolen Lot at a price well-below the typical wholesale acquisition cost and fair market value of diabetic test strips which were not stolen.

5

6.      In selling the Stolen Lot, **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ALEXANDER RODRIGUEZ, ARTURO BETTANCOURT,** and **ENRIQUE DE LA CRUZ** caused the stolen diabetic test strips to be introduced into interstate commerce, where they were eventually acquired by unsuspecting mid-level and retail pharmaceutical companies, some of which filled prescriptions for unsuspecting customers.

7.      To avoid detection of the conspiracy and scheme, **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ARTURO BETTANCOURT,** and **ENRIQUE DE LA CRUZ** falsified the true and accurate lot numbers on the Stolen Lot packaging, in order to create the false impression that the Stolen Lot had been acquired and distributed lawfully.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the coconspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.      In or around September 2011, coconspirator Adrian Marino, in Miami, Florida, contacted an individual in California who was in the business of buying and selling medical supplies, and offered to sell that individual Stolen Lot diabetic test strips well-below market value.

2.      On or about September 15, 2011, in Miami, Florida, **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, ALEXANDER RODRIGUEZ,** and **LASARO**

6

LASTRA, through coconspirator Adrian Marino, caused the sale of 2,000 boxes of Stolen Lot diabetic test strips to a confidential informant, posing as one of the Californian's business acquaintances, for $14,000.

3.　　On or about November 16, 2011, in Miami, Florida, **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, ALEXANDER RODRIGUEZ,** and **LASARO LASTRA,** through coconspirator Adrian Marino, caused the sale of 976 boxes of Stolen Lot diabetic test strips to "J.P." for $19,000.

4.　　On or about November 28, 2011, in Miami, Florida, **YAMIL GONZALEZ RODRIGUEZ, MOISES NAVEIRA, ALEXANDER RODRIGUEZ,** and **LASARO LASTRA,** through coconspirators Adrian Marino and Henry Tarrio, Jr., attempted to sell 5,000 boxes of Stolen Lot  diabetic test strips to "T.L." and "Y.L."

5.　　On or about June 22, 2012, in Miami, Florida, **BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ,** and **ENRIQUE DE LA CRUZ** relabeled and caused to be sold, through coconspirators Adrian Marino and Henry Tarrio, Jr., 1,200 boxes of Stolen Lot diabetic test strips, to "S.A." and "E.V." for $13,200.

6.　　On or about August 17, 2012, in Miami, Florida, **BRYAN VALIDO, FELIX VALIDO, Jr., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ARTURO BETTANCOURT,** and **ENRIQUE DE LA CRUZ** relabeled and caused to be sold 2,000 boxes of Stolen Lot diabetic test strips, to an undercover law enforcement officer, for $22,000.

All in violation of Title 18, United States Code, Section 371.

7

## COUNT 3
**Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods**
**(Title 18, United States Code, Section 2315)**

On or about June 22, 2012, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**
**ALEXANDER RODRIGUEZ,**
**and**
**ENRIQUE DE LA CRUZ,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of any goods, wares, and

merchandise, valued at $5,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test strips,

which had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing

the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United

States Code, Sections 2315 and 2.

## COUNT 4
**Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods**
**(Title 18, United States Code, Section 2315)**

On or about August 17, 2012, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**

8

**ARTURO BETTANCOURT,**
**ALEXANDER RODRIGUEZ,**
**and**
**ENRIQUE DE LA CRUZ,**

did knowingly receive, possess, conceal, store, barter, sell, and dispose of any goods, wares, and

merchandise, valued at $5,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test strips,

which had crossed a State boundary after being stolen, unlawfully converted, and taken, knowing

the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United

States Code, Sections 2315 and 2.

<u>COUNT 5</u>
**Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce**
**(Title 18, United States Code, Section 2314)**

On or about June 22, 2012, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**
**ALEXANDER RODRIGUEZ,**
**and**
**ENRIQUE DE LA CRUZ,**

did knowingly transport, transmit, and transfer in interstate commerce any good, ware, and

merchandise, of the value of $5,000 or more, that is, Abbott Labs FreeStyle Lite diabetic test

strips, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title

18, United States Code, Sections 2314 and 2.

9

## COUNT 6
**Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight**
**(Title 18, United States Code, Section 659)**

On or about June 22, 2012, in Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**YAMIL GONZALEZ RODRIGUEZ,**
**a/k/a "Machete,"**
**MOISES NAVEIRA,**
**LASARO LASTRA,**
**BRYAN VALIDO,**
**FELIX VALIDO, JR.,**
**FELIX VALIDO-ROCHE,**
**CHAYANNE RODRIGUEZ,**
**ALEXANDER RODRIGUEZ,**
**and**
**ENRIQUE DE LA CRUZ,**

did knowingly receive and have in their possession, goods valued at $1,000 or more, that is,

Abbott Labs FreeStyle Lite diabetic test strips, which had been stolen, unlawfully taken, and

carried away from a motor truck and trailer in Louisville, Kentucky, which were moving as, and

which were a part of, and which constituted, an interstate shipment of freight, knowing the same

to have been stolen, in violation of Title 18, United States Code, Sections 659 and 2.

## FORFEITURE
**(Title 18, United States Code, Section 981(a)(1)(C))**

Upon conviction of any of the violations alleged in Counts One and Two of this

Superseding Indictment, defendants, **YAMIL GONZALEZ RODRIGUEZ, MOISES**

**NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, Jr., FELIX**

**VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ENRIQUE DE LA CRUZ,**

**ALEXANDER RODRIGUEZ,** and **ARTURO BETTANCOURT,** shall forfeit any adulterated

or misbranded device, including, but not limited to, Abbott Labs FreeStyle Lite diabetic test

strips.

10

Pursuant to Title 28, United States Code, Section 2461, Title 21, United States Code, Section 334(a)(2), and Title 21, United States Code, Section 853.

Upon conviction of any of the violations alleged in Counts One through Six of this Indictment, defendants **YAMIL GONZALEZ RODRIGUEZ, a/k/a "Machete," MOISES NAVEIRA, LASARO LASTRA, BRYAN VALIDO, FELIX VALIDO, JR., FELIX VALIDO-ROCHE, CHAYANNE RODRIGUEZ, ALEXANDER RODRIGUEZ, ARTURO BETTANCOURT,** and **ENRIQUE DE LA CRUZ,** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, including, but not limited to, a money judgment in the amount of $120,000.00
.   If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with a third party;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

11

All pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code,

Section 981(a)(1)(C), and Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON _____

WIFREDO A. FERRER
UNITED STATES ATTORNEY

NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

**YAMIL GONZALEZ RODRIGUEZ,**
a/k/a "Machete," et al.

_____ Defendants.
_____/

CASE NO.    13-20545-CR-MORENO/OTAZO/REYES (s)

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

| X | Miami | ___ | Key West |
|---|-------|-----|----------|
| ___ | FTL | ___ | WPB | ___ | FTP |

New Defendant(s)      Yes _X_      No ____
Number of New Defendants ___1___
Total number of counts ___6___

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      ___Yes___
    List language and/or dialect      Spanish_____

4.  This case will take    _5_    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check one)

| | | (Check only one) | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | | _____ |
| II | 6 to 10 days | _____ | Minor | | _____ |
| III | 11 to 20 days | _____ | Misdem. | | _____ |
| IV | 21 to 60 days | _____ | Felony | X | _____ |
| V | 61 days and over | _____ | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)    ___Yes___
    If yes:
    Judge: ___MORENO_____      Case No 13-20545-CR-MORENO_____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)    _No___
    If yes:
    Magistrate Case No.
    Related Miscellaneous numbers: 12-20947-CR-LENARD/O'SULLIVAN_____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No)    _No___

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes  _X_  No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes  _X_  No

_____
NORMAN O. HEMMING, III
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500680

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**     LASARO LASTRA

**Case No:**     13-20545-CR-MORENO/OTAZO-REYES

**COUNT 1:**     Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:**     10 Years' Imprisonment

**COUNT 2:**     Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**      5 Years' Imprisonment

**COUNTS 3-4 :**     Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**     10 Years' Imprisonment

**COUNT 5 :**     Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:**     10 Years' Imprisonment

| **COUNTS 6 :** | Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight |
|---|---|
| | Title 18, United States Code, Section 659 |
| **\*Max. Penalty:** | 10 Years' Imprisonment |

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ FELIX VALIDO, JR., _____

**Case No:** _____ 13-20545-CR-MORENO/OTAZO-REYES _

**COUNT 1:**  Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:**  10 Years' Imprisonment

**COUNT 2:**  Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**  5 Years' Imprisonment

**COUNTS 3-4 :**  Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**  10 Years' Imprisonment

**COUNT 5 :**  Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:**  10 Years' Imprisonment

**COUNTS 6 :**          Receiving and Possessing Goods Stolen from an Interstate Shipment of
                        Freight

                        Title 18, United States Code, Section 659

**\*Max. Penalty:**      10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
    special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**      ENRIQUE DE LA CRUZ

**Case No:**            13-20545-CR-MORENO/OTAZO-REYES

**COUNT 1:**            Misbranding

                        Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:**      10 Years' Imprisonment

**COUNT 2:**            Conspiracy to Receive, Possess, and Sell Stolen Goods

                        Title 18, United States Code, Section 371

**\*Max. Penalty:**       5 Years' Imprisonment

**COUNTS 3-4 :**         Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

                        Title 18, United States Code, Section 2315

**\*Max. Penalty:**      10 Years' Imprisonment

**COUNT 5 :**           Transporting, Transmitting, and Transferring Stolen Goods in Interstate
                        Commerce

                        Title 18, United States Code, Section 2314

**\*Max. Penalty:**      10 Years' Imprisonment

**COUNTS 6 :**    Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight

Title 18, United States Code, Section 659

**\*Max. Penalty:**    10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**     CHAYANNE RODRIGUEZ,

**Case No:**     13-20545-CR-MORENO/OTAZO-REYES

**COUNT 1:**     Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:**     10 Years' Imprisonment

**COUNT 2:**     Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**      5 Years' Imprisonment

**COUNTS 3-4 :**     Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**     10 Years' Imprisonment

**COUNT 5 :**     Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:**     10 Years' Imprisonment

| COUNTS 6 : | Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight |
|---|---|
| | Title 18, United States Code, Section 659 |
| **\*Max. Penalty:** | 10 Years' Imprisonment |

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** ALEXANDER RODRIGUEZ

**Case No:** 13-20545-CR-MORENO/OTAZO-REYES

**COUNT 2:** Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**COUNTS 3-4 :** Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNT 5 :** Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNTS 6 :** Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight

Title 18, United States Code, Section 659

**\*Max. Penalty:** 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ ARTURO BETANCOURT _____

**Case No:** _____ 13-20545-CR-MORENO/OTAZO-REYES _____

**COUNT 1:**   Misbranding

_____ Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

***Max. Penalty:**   10 Years' Imprisonment

**COUNT 2:**   Conspiracy to Receive, Possess, and Sell Stolen Goods

_____ Title 18, United States Code, Section 371

***Max. Penalty:**    5 Years' Imprisonment

**COUNT 4 :**   Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

_____ Title 18, United States Code, Section 2315

**COUNT :**

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**      FELIX VALIDO-ROCHE,

**Case No:**      13-20545-CR-MORENO/OTAZO-REYES

**COUNT 1:**      Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:**      10 Years' Imprisonment

**COUNT 2:**      Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**       5 Years' Imprisonment

**COUNTS 3-4 :**      Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**      10 Years' Imprisonment

**COUNT 5 :**      Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:**      10 Years' Imprisonment

| COUNTS 6 : | Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight |
| --- | --- |
| | Title 18, United States Code, Section 659 |
| *Max. Penalty: | 10 Years' Imprisonment |

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____**BRYAN VALIDO**_____

**Case No:** _____13-20545-CR-MORENO/OTAZO-REYES__

**COUNT 1:** Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNT 2:** Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**COUNTS 3-4 :** Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNT 5 :** Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:** 10 Years' Imprisonment

| COUNTS 6 : | Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight |
|---|---|
|  | Title 18, United States Code, Section 659 |
| **\*Max. Penalty:** | 10 Years' Imprisonment |

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**    YAMIL GONZALEZ RODRIGUEZ

**Case No:**    13-20545-CR-MORENO/OTAZO-REYES

**COUNT 1:**    Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:**    10 Years' Imprisonment

**COUNT 2:**    Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**    5 Years' Imprisonment

**COUNTS 3-4 :**    Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**    10 Years' Imprisonment

**COUNT 5 :**    Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:**    10 Years' Imprisonment

| | |
|---|---|
| **COUNTS 6 :** | Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight |
| | Title 18, United States Code, Section 659 |
| ***Max. Penalty:** | 10 Years' Imprisonment |

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** _____ MOISES NAVEIRA _____

**Case No:** _____ 13-20545-CR-MORENO/OTAZO-REYES _____

**COUNT 1:** Misbranding

Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a)

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNT 2:** Conspiracy to Receive, Possess, and Sell Stolen Goods

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

**COUNTS 3-4 :** Possessing, Concealing, Storing, Selling, and Disposing of Stolen Goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNT 5 :** Transporting, Transmitting, and Transferring Stolen Goods in Interstate Commerce

Title 18, United States Code, Section 2314

**\*Max. Penalty:** 10 Years' Imprisonment

**COUNTS 6 :**    Receiving and Possessing Goods Stolen from an Interstate Shipment of Freight

Title 18, United States Code, Section 659

**\*Max. Penalty:**    10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**